UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN HILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LT. PAYNE, et al.,<br><br>　　　　Defendants. | No. 2:25-cv-0433 DAD CKD P<br><br><br>ORDER |

　　　　Plaintiff is an El Dorado County prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.[1] Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

---

[1] The showing was made in plaintiff's motion to proceed in forma pauperis filed in 2:24-cv-2752 CKD P. ECF No. 13.

1

1 the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2 exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

3 The court is required to screen complaints brought by prisoners seeking relief against a
4 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
5 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

8 The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon
9 which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The
10 court will, however, grant leave to file an amended complaint.

11 Plaintiff is advised as follows as to the content of his amended complaint:

12 1. The Eleventh Amendment bars any action for damages against a state official acting in
13 their official capacity. E.g. Quern v. Jordan, 440 U.S. 332, 337 (1979).

14 2. Inmates do not have "a separate constitutional entitlement to a specific prison
15 grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v.
16 Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, a jail grievance procedure does not
17 confer any substantive constitutional rights upon inmates and actions in reviewing and denying
18 inmate appeals generally do not serve as a basis for liability under section 1983. Id.

19 3. Under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated
20 claims against different defendants. Simply put, plaintiff cannot join claims against defendant B that
21 are not sufficiently connected to those brought against defendant A. Vague allegations concerning
22 conspiracy do not satisfy court rules regarding joinder of claims. Unrelated claims against different
23 defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th
24 Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim,
25 multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—
26 for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any
27 prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id.
28 /////

2

1       4. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and a claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5. In order to state a claim under the Due Process Clause of the Fourteenth Amendment with respect to conditions of confinement, including inadequate medical care, a pretrial detainee must allege: (1) a defendant made an intentional decision with respect to the conditions under which the detainee was confined; (2) the conditions put the detainee at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The court's March 19, 2025, findings and recommendations are vacated.

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an

/////

amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: May 14, 2025

_signature: Carolyn K. Delaney_

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
hill0433.14